# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| MARCELLE SANTIAGO, | : | |
| Petitioner, | : | |
| VS. | : | 1 : 07-CV-184 (WLS) |
| DAVID FRAZIER, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION

The Petitioner filed this federal habeas petition challenging his 2004 Dougherty County guilty plea convictions for robbery by intimidation, a lesser included offense of armed robbery, and one count of aggravated assault. Petitioner was sentenced to twenty (20) years, ten (10) years to serve. Petitioner did not file a direct appeal of his convictions. Petitioner filed a state habeas petition on July 15, 2005 in the Superior Court of Chatham County. Following an evidentiary hearing, the state habeas court denied relief and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on October 16, 2006. Petitioner filed his present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 20, 2007 and amended this petition on October 18, 2007.

## Factual Background

The state habeas court found as follows regarding the facts underlying the Petitioner's guilty plea:

> The factual allegations that were made against the Petitioner were that he was a passenger in the rear of an automobile. There were two individuals in the front of the automobile. It was alleged that the Petitioner was attempting to rob one of the individuals in the front seat and in the course of the robbery, the Petitioner leaned over

> the front seat and fired a bullet into the person in the front passenger seat.

Doc. 17, Respondent's Exh. 4, pp. 1-2.

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

2

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520).

Accordingly, the petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 120 S. Ct. at 1519.

## Petitioner's Habeas Claims

In his original and amended petitions for federal habeas relief, the Petitioner sets forth several grounds for relief, including ineffective assistance of guilty plea and appellate counsel, false charges, corruption and conspiracy, perjury, actual innocence, coercion, and alleged infirmities in the State habeas proceedings.

*Procedurally defaulted grounds*

Initially, the Respondent identifies the following grounds for relief as procedurally defaulted: 1) ineffective assistance of guilty plea counsel in that counsel allowed the judge to participate in the plea negotiations; 2) ineffective assistance of appellate counsel in that counsel failed to investigate Petitioner's guilty plea transcript and failed to file for sentence review; and 3) ineffective assistance of appellate counsel in that counsel failed to provide any actual assistance. Counsel for the Respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

3

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Herein, Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue. The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Failure to state a claim*

The Respondent maintains that the following grounds presented by the Petitioner in this federal habeas petition fail to raise valid grounds for federal habeas relief: 1) failure to receive

4

credit for time served; 2) coercion in the guilty plea process; 3) incomplete state habeas hearing because the judge failed to order police officers to be summoned; 4) subornation of perjury by the State that should have resulted in state habeas relief; and 5) violation of Petitioner's "15th Right of habeas corpus". In the grounds regarding credit for time served and coercion in the guilty plea process, the Petitioner raises challenges to trial court rulings that do not raise federal and/or constitutional questions. However, "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991). The alleged errors set forth by Petitioner in these grounds center on state court determinations of state law questions, and as such, are outside the province of federal habeas review. *Id.*

Additionally, the Petitioner's grounds that are based on alleged infirmities in the state habeas proceedings fail to state claims for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

*Grounds waived by the entry of guilty plea*

In his original and amended petitions, the Petitioner raises claims originally raised in his state habeas corpus petition but ruled by the state habeas court to have been waived by the entry of Petitioner's guilty plea. Specifically, the Petitioner argues that he was falsely charged, that corruption and conspiracy in the Albany Police Department operated to fabricate the armed robbery charge against the Petitioner, that the State knowingly used the false testimony of

Petitioner's co-defendant and that Petitioner is actually innocent, and that certain officers should be individually penalized for conspiring and fabricating evidence.

As the Respondent argues and as the state habeas court found, these grounds were waived with the valid entry of the Petitioner's guilty plea. *Tollett v. Henderson*, 93 S., Ct. 1602 (1973). In *Tollett*, the Supreme Court reaffirmed that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [appropriate] standards". *Id.* at 1608. *See also United States v. Broce*, 488 U.S. 563 (1989)("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements to sustain a binding, final judgment of guilty and a lawful sentence."). The Petitioner has not shown that the state court's decision regarding these grounds waived by the entry of his guilty plea does not warrant deference under § 2254(d).

*Ineffective assistance of counsel*

The Petitioner also claims that he received ineffective assistance from his guilty plea counsel, in that counsel failed to research or investigate the alleged coercion of Petitioner's guilty plea by a police detective and that counsel forced the Petitioner to plead guilty. Petitioner further alleges that his counsel never consulted with Petitioner, slandered Petitioner's character as a ploy to coerce Petitioner to plead guilty, and failed to disclose exculpatory evidence of Petitioner's innocence. In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2)

6

that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

Following an evidentiary hearing, the state habeas court found that:

> Petitioner claims that [his counsel] Mr. Beckstrom was ineffective in that he forced the Petitioner to plead guilty. He additionally argues that his counsel failed to investigate or research his case or respond to his questions. The evidence before the Court is that the Defendant testified at the plea hearing that he was entering the plea

> of his own free and voluntary will. He testified that no one had
> promised him anything or threatened him in any way to influence
> him to enter the plea. Additionally, the evidence based upon the
> testimony of Mr. Beckstrom was that he did perform an
> investigation into the allegations and defenses claimed by the
> Petitioner and that the evidence that was to be presented at trial
> would show that the Petitioner was the assailant and not the victim
> in the case. Therefore, the Court finds that the Defendant has failed
> to meet his burden under *Strickland* that counsel's performance was
> deficient.

Doc. 17, Respondent's Exh. 4, p 3.

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's guilty plea counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner in the entry of his guilty plea. The facts as found by the state habeas court evidence counsel's effective representation. Therefore, Petitioner's grounds alleging ineffective assistance from his guilty plea counsel will not support the granting of habeas relief herein.

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 18th day of August, 2010.


S/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**


asb