**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

MARCELLE SANTIAGO, :
:
    Petitioner, :
:
v. : CASE NO.: 1:07-CV-184 (WLS)
:
DAVID FRAZIER, *Warden*, :
:
    Respondent. :
_____ :

## <u>ORDER</u>

Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Thomas Q. Langstaff, filed August 18, 2010. (Doc. 24). It is recommended that Petitioner's Application for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) and Amendment thereto (Doc. 6) be denied. (Doc. 24 at 8). Petitioner timely filed an Objection. (Doc. 26).

For the following reasons, the objections set forth in Petitioner's Objection (Doc. 26) are **OVERRULED** and United States Magistrate Judge Langstaff's August 18, 2010 Report and Recommendation (Doc. 24) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Application for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) and Amendment thereto (Doc. 6) are **DENIED**, and the above-captioned case is **ORDERED CLOSED**.

Judge Langstaff's R&R addresses four (4) categories of grounds raised by Petitioner: (i) procedurally defaulted grounds (Doc. 24 at 3-4); (ii) failure to state a claim (*id.* at 4-5); (iii) grounds waived by the entry of guilty plea (*id.* at 5-6); and (iv) ineffective assistance of counsel

1

(*id.* at 6-8). The Court's review of Petitioner's Objection shows challenges by Petitioner to only portions of two (2) of these categories. (*See generally* Doc. 26 at 2-4). Petitioner objects that, under the failure to state a claim category, he was not awarded credit for time served (*compare* Doc. 26 at 4 *with* Doc. 24 at 4-5), and that, under the ineffective assistance of counsel category, his guilty plea counsel was ineffective and forced Petitioner to plead guilty (*compare* Doc. 26 at 2-4 *with* Doc. 24 at 6-8). Petitioner's Objection fails to address the rest of the failure to state a claim category and the entirety of the remaining two categories, and thus any objections to Judge Langstaff's recommendations regarding the rest of the failure to state a claim category, and the entirety of the procedurally defaulted grounds and grounds waived by the entry of guilty plea categories, are waived by Petitioner. The Court accepts and adopts those unopposed recommendations for reason of the findings made and reasons stated therein.

Petitioner's Objection reasserts that he was "not given awarded credit for all time served since date of arrest." (Doc. 26 at 4). This is the extent of Petitioner's discussion regarding credit for time served. (*See generally id.*). Judge Langstaff's R&R explains that Petitioner's grounds regarding credit for time served fail to raise a federal and/or constitutional question, and is therefore outside the province of a federal habeas court. (Doc. 24 at 5). The Court finds that Plaintiff's Objection (Doc. 26) fails to rebut the legally sound Report and Recommendation of Judge Langstaff regarding credit for time served. Plaintiff's Objection regarding credit for time served (Doc. 26 at 4) is thus **OVERRULED**.

Petitioner's Objection reasserts that he was forced by his attorney to plead guilty, due to the lawyer's alleged lack of preparedness and disinterest in Petitioner's case, and that counsel was ineffective. (Doc. 26 at 2-4). Petitioner directly quotes his guilty plea transcript to show that he had resisted pleading guilty early in the proceedings. (*Id.* at 2). Petitioner alleges that his

facts are indistinguishable from those found in the old Fifth Circuit case of Colson v. Smith, 438 F.2d 1075 (5th Cir. 1971). (*Id.* at 3). Petitioner asserts that he was appointed counsel to procure withdrawal of his plea (*id.*), and attaches a letter from appointed counsel in support of the allegation (*id.* at 5). Petitioner claims that his guilty plea was not voluntary and intelligent. (*Id.* at 4).

As an initial matter, the Court finds that the Record fails to support any of Petitioner's claims. Petitioner selectively pulls quotes from only the first 16 pages of his July 14, 2004 transcript, conveniently ignoring the dozens of additional pages showing that the judge accepted Petitioner's plea of not guilty and allowed jury selection to commence, the lawyers selected a jury, following the lunch break counsel announced that Petitioner had decided to plead guilty, and the judge conducted the appropriate colloquy with Petitioner before finding "that you have made a knowing and intelligent waiver of your rights, that you have entered a voluntary plea of guilty[,] … that there is a factual basis for your plea, and that your plea has been knowingly and intelligently made." (Doc. 17-3 at 53-54; *see* Docs. 17-2 at 55-74, 17-3 at 1-71). Petitioner's counsel's able participation in jury selection shows that counsel was not unprepared and disinterested in Petitioner's case, and thus Petitioner's case is not materially similar to the Colson facts in which "counsel appeared in court on the day the case was called completely unprepared to go to trial." Colson, 438 F.2d at 1080. And the lawyer's letter attached to Petitioner's Objection is in regard to a motion for appeal or new trial, and provides no commentary on any ineffective assistance of counsel claim. (*See generally* Doc. 26 at 5).

More to the point, however, the Court finds that Petitioner's Objection (Doc. 26) fails to rebut the legally sound Report and Recommendation of Judge Langstaff regarding Petitioner's ineffective assistance of counsel claim. Judge Langstaff's R&R discusses at length the Supreme

3

Court's <u>Strickland v. Washington</u> test for ineffective assistance of counsel, as well as the federal habeas standard for reviewing a claim of ineffective assistance of counsel, and Judge Langstaff concludes that the state habeas court properly applied the <u>Strickland</u> standard. (Doc. 24 at 6-8). Petitioner's Objection does not attempt to challenge this legal conclusion, but merely raises facts already considered by the state and federal habeas courts. (*See generally* Doc. 26). Plaintiff's Objection regarding ineffective assistance of counsel (Doc. 26 at 2-4) is thus **OVERRULED**.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 26) are **OVERRULED** and United States Magistrate Judge Langstaff's August 18, 2010 Report and Recommendation (Doc. 24) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Application for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) and Amendment thereto (Doc. 6) are **DENIED**, and the above-captioned case is **ORDERED CLOSED**.

**SO ORDERED**, this 9th day of September, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**